United States District Court
Southern District of Texas
**ENTERED**
October 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent,<br><br>v.<br><br>MONSERRAT IRENE FLORES-<br>PORRAS,<br>Defendant/Movant. | § <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ <br>§ | CRIMINAL NO. 2:17-222-2<br>CIVIL NO. 2:22-95 |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Irene Flores-Porras has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. D.E. 143.[1] Now pending before the Court is the United States of America's (the "Government") Motion to Dismiss, wherein the Government moves the Court to dismiss the § 2255 motion as untimely. D.E. 153. Movant has not responded.

## I. BACKGROUND

In 2018, a jury convicted Movant of conspiracy to possess with intent to distribute 19.9 kilograms of a mixture or substance containing a detectable amount of cocaine and possession with intent to distribute 19.9 kilograms of a mixture or substance containing a detectable amount of cocaine. She was sentenced to 121 months' imprisonment on each count, to be served concurrently and to be followed by five years' supervised release on each count, also to be served concurrently. Judgment was entered on July 24, 2018. Movant did not appeal. She filed the current motion under § 2255 on May 2, 2022.

---

1. Docket entry references (D.E.) are to the criminal case.

1

## II. MOVANT'S ALLEGATIONS

Movant claims that counsel was constitutionally ineffective because he: (1) failed to investigate unidentified eyewitnesses and facts that would prove Movant did not possess the vehicle containing the cocaine; (2) failed to negotiate a plea agreement and stated that Movant must go to trial, resulting in a higher sentence than had she pled guilty; (3) failed to object to the drug amounts related to crack cocaine that were used to determine Movant's base offense level; and (4) failed to move for safety valve.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

## B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Movant's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. FED. R. APP. P. 4(b). Judgment was entered on July 24, 2018. Movant's conviction therefore became final on August 7, 2018. Movant did not file her § 2255 motion until May 2, 2022, more than three and a half years after the statute of limitations expired on August 7, 2018.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir.

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2008). To satisfy her burden, Movant must show that (1) she has diligently pursued her rights, and (2) some extraordinary circumstance stood in her way. *See Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant states that she is entitled to equitable tolling because, "[t]hrough DUE DILLIGANCE [she] uncovered FACTS, LAWS and FAILURES that she had never been aware of." D.E. 143, p. 2 (emphasis in original). She clarifies that she "has learned that rights concerning a criminal trial are established in the Fifth and Sixth Amendments" and that "the practice of criminal law is expedited by following the Federal Rules of Criminal Procedure" *Id.*, p. 3. Movant does not explain what steps she took to timely file her § 2255 motion, nor does she identify the facts and/or failures she recently uncovered. To the contrary, all her claims rely on information that was necessarily known to her at the time judgment was entered. Moreover, the Fifth Circuit has "made it clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling." *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002).

The Court finds that Movant has presented no facts suggesting that she has diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her § 2255 motion. Accordingly, her motion is barred as untimely, and the Court need not consider the merits of her ineffective assistance of counsel claims.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the

§ 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to her claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 153) is **GRANTED**, Movant's § 2255 motion (D.E. 143) is **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

So **ORDERED** on ___10/17/22___.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

5